Case 11-01620   Doc 18   Filed 01/10/12   Entered 01/12/12 09:00:28   Desc Main
Document     Page 1 of 3

11-01620:12.4:Motion for Default:Proposed Findings of Fact and Conclusions of Law Entered: 12/21/2011 2:00:56 PM by:Ben Schneider Page 1 of 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br>ANGEL and MILAGROS ACOBA<br><br>Debtor. | ) Judge Jack B. Schmetterer<br>) Chapter 13<br>)<br>) Case No.: 11-41671<br>) |
| ANGEL and MILAGROS ACOBA,<br><br>Plaintiffs,<br>v.<br><br>VIRTUAL BANK<br><br>Defendant. | )<br>)<br>)<br>) Adversary case number 11-01620<br>)<br>)<br>)<br>) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. This is a core proceeding under Section 157(b)(2)(A), (I), (K), and (O) of Title 28 of the United States Code, and venue is proper by virtue of 28 U.S.C. 1409(a).

2. All schedules and statements have been filed.

3. The Plaintiffs are individuals owning and residing at the property commonly known as 6623 Davis St., Morton Grove, IL 60053, ("Property").

4. The real estate is the Plaintiffs' principal residence.

5. The Defendant, VIRTUAL BANK, is a lender and servicer of mortgages.

6. The fair market value of the Property at the time of filing of case number 11-41671 was $267,000. (See attached Appraisal).

7. HSBC Mortgage Corp USA currently holds a first mortgage lien in the amount of $299,864.

8. Defendant holds a junior mortgage originally granted in the amount of $97,611.

9. Plaintiffs seek to determine the nature and extent of the junior mortgage lien of the Defendant and avoid the junior mortgage lien.

10. Defendant's junior mortgage would be an allowed secured claim to the extent of the value of the estate's interest in the property securing the claim under 11 USC 506(a) and (d). The Defendant's junior mortgage lien is void to the extent it is not an allowed secured claim.

11. The Debtors' Chapter 13 Plan provides that the Defendant's claim will be treated as an unsecured non priority claim.

12. The amount of the first mortgage is $$299,864 which exceeds the value of the underlying property. Because the junior mortgage lien held by Defendant is wholly unsecured, it should not be allowed as a secured claim and the mortgage lien may be stripped off. *In re Perez* 2011 WL 4708015 (Bkrtcy.N.D.Ill. 2011) citing *First Bank, Inc. v. Van Wie*, 2003 WL 1563959 (S.D. Ind. 2003); *In Re Mann*, 249 B.R. 831, 840 (1st Cir BAP 2000); *In Re Pond*, 2001 U.S.App.Lexis 11287 (2nd Cir 2001); *In re McDonald*, 205 F.2d 606 (3rd Cir 2000); *Bartee v. Tara Colony Homeowners Assoc*, 212 F.3d 277 (5th Cir. 2000); *In re Lam*, 211 B.R. 36 (9th Cir. BAP 1357); *In Re Tanner*, 217 F.3d 1357 (11th Cir).

13. This Complaint is also an objection to whatever claim might be allowed regarding the junior mortgage.

WHEREFORE, Petitioners, ANGEL and MILAGROS ACOBA, request that this Court enter an order:

A. Finding Defendant in default of all allegations found in the Complaint filed by the Plaintiffs;

B. Finding the Second Junior Mortgage held by VIRTUAL BANK on the Debtor's residence located at 6623 Davis St., Morton Grove, IL 60053 is wholly unsecured and will be paid as a General Unsecured Creditor.

C. Finding that the Defendant's lien has been proven to be wholly unsecured and pursuant to 11 U.S.C. 506 can be cancelled upon successful completion of the Debtors' Chapter 13 Plan.

D. Finding the secured claim of the Defendant against the real estate located at 6623 Davis St., Morton Grove, IL 60053, is valued at zero.

E. Finding that upon successful completion of the Debtors' Chapter 13 Plan and entry of debtors' discharge, the lien of the Defendant will be rendered null and void.

F. Requiring Defendant to release its lien on Plaintiffs residence within 28 days of the order for discharge.

G. For any other relief that this Court deems just and proper.

_____ Date:
Judge Schmetterer

1/10/12

Ben Schneider
8424 Skokie Blvd.
Suite 200
Skokie, IL 60077
Office: 847-933-0300
Fax: 847-676-2676
ARDC #6295667

JAN 10 2012